IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. CASHMAN,

    Petitioner,                      No. CIV S-09-2683 MCE EFB P

    vs.

GARY HUDGEONS, et al.,

    Respondents.                ORDER

_____/

    Petitioner, proceeding with counsel, seeks a writ of habeas corpus on behalf of his son, identified as B.W. *See* 28 U.S.C. § 2254. Petitioner has paid the filing fee.

    While petitioner purports to proceed on his son's behalf as "next friend," he has not established that his son cannot appear on his own behalf to pursue habeas relief.[1] In *Whitmore v. Arkansas*, the Supreme Court explained the requirements for next friend standing in habeas cases:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the

---

[1] It is unclear whether B.W., referred to in the petition as a minor, is still a minor, as the petition also indicates that in 2006, B.W. was 15 years old.

1

> habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

495 U.S. 149, 163-64 (1990) (internal citations omitted). The court finds that petitioner's conclusory assertion that his son has been "extensively stigmatized and defamed," and that he therefore seeks to "protect the privacy of his son," by proceeding on his behalf as "next friend," is not an adequate explanation as to why B.W. cannot appear on his own behalf.[2]

Accordingly, it is hereby ORDERED that within 30 days of the date of this order, petitioner shall file a request with a detailed explanation as to why the court should allow him to proceed as either guardian ad litem or next friend of B.W. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); Fed. R. Civ. P. 17 (regarding capacity of minors to sue or be sued); E.D. Cal. Local Rule 202. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: June 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner indicates he "previously filed a next friend petition," but petitioner does not indicate when or where he filed this petition. Dckt. No. 10 at 16. To the extent petitioner is referring to the first paragraph on page two of the original petition, the court finds that petitioner's general statements regarding the need to protect his son from "further retaliation" from respondent require further explanation, as it is not clear whether petitioner's son is still in respondent's custody, and is otherwise factually insufficient to explain why B.W. cannot proceed on his own behalf. *See* Dckt. No. 1 at 2.

2