IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. CASHMAN,

    Petitioner,                      No. CIV S-09-2683 MCE EFB P

    vs.

GARY HUDGEONS, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

    Petitioner proceeds with counsel, and seeks a writ of habeas corpus on behalf of his son, B.W., as "next friend." *See* 28 U.S.C. § 2254. Petitioner challenges his son's July 14, 2006 conviction for possession of a destructive device, which resulted in a sentence of 39 days time served and 180 days of probation. Dckt. No. 10 at 2.

    Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). After carefully reviewing the petition, as well as petitioner's July 30, 2010 response to the court's June 30, 2010 order, the court concludes that the petition must be dismissed on multiple grounds, as discussed below.

1

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore it is the first question [to] consider." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (quotations omitted). "Section 2254(a)'s 'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed. *Id.* at 978-79 (quotations omitted) (citing *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005)). "The petitioner must be in custody at the time that the petition is filed . . . ." *Id.* at 979 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

> Physical custody is not indispensable to confer jurisdiction. "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). "[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'" *Williamson*, 151 F.3d at 1183-84[1] (holding that a habeas petitioner challenging Washington's sex-offender registration law did not meet the "in custody" requirement because the law did not impose a significant restraint on the petitioner's liberty).

*Bailey,* 599 F.3d at 979. Thus, if a petitioner filed a petition while he was "in custody," his subsequent release would not necessarily deprive a federal court of subject matter jurisdiction nor would it render the petition moot. *Carafas*, 391 U.S. at 238.

---

[1] *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).

As noted, petitioner challenges his son's July 14, 2006 conviction, which resulted in a sentence of 39 days time served and 180 days of probation. Dckt. No. 10 at 2. Thus, it appears that petitioner's son completed his sentence long before the instant habeas petition was filed. *See* Dckt No. 1 (original petition filed September 24, 2009). Therefore, jurisdiction turns on whether the conviction and sentence has merely collateral consequences, or whether the conviction and sentence impose a "restraint on liberty." *Williamson*, 151 F.3d at 1183; *see, e.g.*, *Jones*, 371 U.S. at 243 (parolee is "in custody" because, "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom . . . .").

Here, petitioner presents no grounds for finding that the conviction and sentence imposes a restraint on liberty, but rather, argues that the conviction has the collateral consequences of imposing a lifetime stigma, and interfering with petitioner's son's employment, educational and economic opportunities. Dckt. No. 12 at 15-18; *see Williamson*, 151 F.3d at 1183-84 (noting that the "in custody" requirement typically requires a significant restraint on the petitioner's physical liberty). While such collateral consequences might be sufficient to overcome a finding of mootness, as petitioner notes, they are not sufficient to render petitioner's son "in custody" for purposes of subject matter jurisdiction. *See* Dckt. No. 12 at 18; *see White v. White*, 925 F.2d 287, 290 (9th Cir. 1991) (finding that possible employment discrimination satisfies the collateral consequences exception to the mootness doctrine); *see also Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (holding that a mandatory sex offender registration requirement, even if required to be done at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary for finding that a petitioner is in custody). As petitioner's son would have completed his probation in early 2007, he was not in custody when petitioner filed the original petition on September 24, 2009, and the claimed collateral consequences do not compel a contrary conclusion. *See* Dckt. No. 1.

////

Moreover, petitioner has not demonstrated he has "next friend" standing to proceed on his son's behalf. On June 30, 2010, the court ordered petitioner to file a request with a detailed explanation as to why the court should allow him to proceed either as guardian ad litem or next friend. Dckt. No. 11. Petitioner filed a reply on July 30, 2010. Dckt. No. 12.

The federal habeas statute provides that the "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by *someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). Federal courts have long recognized that under appropriate circumstances, habeas petitions can "be brought by third parties, such as family members or agents, on behalf of a prisoner. This species of third-party habeas standing, known as next-friend standing, was examined at length by the Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990)." *Coalition of Clergy v. Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002). In *Whitmore*, the Supreme Court explained the requirements for next friend standing in habeas cases:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

495 U.S. at 163-64 (internal citations omitted). Petitioner, as the natural father of B.W., appears to meet the second *Whitmore* requirement, however, he fails to meet the first requirement. *See* Dckt. No. 12 at 5. In short, petitioner argues he meets the first requirement because "Federal Law prohibits disclosure of juvenile proceedings and state law prohibits disclosure of B.W.'s sealed juvenile proceedings." *Id.* at 22. Petitioner argues that this shows that B.W. is unable to

4

litigate this action because of "a legal incapacity (inaccessibility)." *Id.* at 2.  While petitioner's reasoning might support a ruling that this action, if initiated by B.W., be filed under seal, or that other measures be taken to protect the identity of B.W., it simply does not support a finding that B.W., who is no longer a minor, is unable to litigate this action due to inaccessibility, mental incompetence, or other disability.  *See* Dckt. No. 12 at 5.  It appears that petitioner's objective is to protect the privacy of his son.  However, seeking "next friend" standing is not the appropriate vehicle for achieving that result, and even if it were, petitioner has not demonstrated he has such standing.

Accordingly, for the reasons stated, it is hereby RECOMMENDED that this action be dismissed with prejudice and that the Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the amended petition filed on February 23, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE