IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. CASHMAN, on behalf of B.W. and Himself,

       Petitioner,                                   No. CIV S-09-2683 KJM-EFB P

    vs.

GARY HUDGEONS; et al.,                      ORDER

       Respondents.

_____/

       This matter is before the court upon petitioner Daniel P. Cashman's ("petitioner") motion for reconsideration of this court's January 19, 2012 order adopting findings and recommendations and entering final judgment (ECF 18). (ECF 22.) Petitioner moves to alter or amend the judgment and for relief based on Federal Rules of Civil Procedure 59(e) and 60. (*Id*.) For the following reasons, petitioner's motion is DENIED.

I.  PROCEDURAL HISTORY

       Petitioner filed his original habeas corpus petition in this action on September 24, 2009. (ECF 1.) In accordance with an order issued by the assigned magistrate judge, petitioner amended his petition using the proper writ of habeas corpus form on February 23, 2010. (ECF 10.) On June 30, 2010, the magistrate judge ordered petitioner to "file a request with a

1

detailed explanation as to why the court should allow him to proceed as either guardian ad litem or next friend of B.W." (ECF 11.) On July 30, 2010, petitioner responded to the magistrate judge's order in support of his request to proceed on his son's behalf as "next friend." (ECF 12.) On January 12, 2011, the magistrate judge filed findings and recommendations concluding that the petition must be dismissed because (1) petitioner did not establish that B.W.'s conviction and sentence impose a "restraint on liberty" for the purpose of the "in custody" requirement of 28 U.S.C. § 2254(a); and (2) petitioner did not establish he has "next friend" standing. (ECF 13.) This court adopted the findings and recommendations on January 19, 2012. (ECF 18.) Petitioner, relying on Rules 59 and 60 of the Federal Rules of Civil Procedure, filed the present motion for reconsideration on January 30, 2012. (ECF 22.) Respondents have not filed any opposition.

II.   APPLICABLE LAW

    A.   Rules 59 and 60

        Federal Rule of Civil Procedure Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Ninth Circuit provides that the grounds for granting a motion under Federal Rule of Civil Procedure 59(e) are: "1) . . . 'to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)) (emphasis in original). "A trial court properly acts within its discretion in denying a Rule 59(e) motion where the verdict is not manifest error of law." *Nelson v. Equifax Info. Servs. LLC*, 522 F. Supp. 2d 1222, 1237 (C.D. Cal. 2007) (citing *Turner*, 338 F.3d 1058). Moreover, the district court "enjoys considerable discretion in granting or denying the motion." *United States Fidelity & Guaranty Co. v. Lee Investments LLC*, No. CV-F-99-5583 OWW/SMS, 2009 U.S. Dist. LEXIS 90579, at

1 \*9 (E.D. Cal. Sep. 29, 2009). "Rule 59(e) is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Merrill v. County of Madera*, No. 05-CV-0195 AWI SMS, 2007 U.S. Dist. LEXIS 90981, at \*4 (E.D. Cal. Dec. 11, 2007) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justified relief." A Rule 60(b) motion "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1).

B.  Standing

"In every federal case, the party bringing the suit must establish standing to prosecute the action. 'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To establish "next friend" standing, the putative "next friend" must meet "two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (internal citations omitted). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163.

3

III. <u>ANALYSIS</u>

Under Rules 59 and 60, petitioner is not entitled to relief from final judgment. There exist no manifest errors of law or injustice, petitioner has presented no new evidence relevant to the issue at bar, and there has been no change in controlling law. FED. R. CIV. P. 59(e). Petitioner also has not established any mistake, newly discovered evidence, or fraud. FED. R. CIV. P. 60(b). Moreover, petitioner has not shown he meets the *Whitmore* test for establishing "next friend" standing. Specifically, as discussed below, petitioner has not met the first prong of the conjunctive *Whitmore* test, that he "provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163 (citation omitted). As such, the court does not reach the second prong. As petitioner has not shown he has standing, he has not met the threshold requirement for maintaining this suit and the court need not consider his other arguments. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 803 (1985); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011).

A. Inaccessibility

Petitioner asserts that B.W. "is unable to sue on his own behalf" because he "will be required to publicly disclose his identity" and is thus barred from filing his own habeas petition. (ECF 22 at 10-12.) Being required to publicly disclose one's identity does not equate to "inaccessibility" for the purpose of establishing "next friend" standing under the first prong of *Whitmore*. *See*, *e.g.*, *Warren v. Cardwell*, 621 F.2d 319, 321 n.1 (9th Cir. 1980) (finding inaccessibility when the prisoner "could not sign and verify the petition because the prison was 'locked down.'"); *Padilla v. Rumsfeld*, 352 F.3d 695 (2d Cir. 2003), *rev'd on other grounds*, 542 U.S. 426 (2004) (finding inaccessibility when petitioner was unable to file a petition on his own behalf because he was being held "incommunicado" as an enemy combatant). Regarding disclosure of B.W.'s identity, the court's local rules provide for preservation of the identity of minors. *See* L.R. 140(a)(I); *see generally* L.R. 141 (providing for the sealing of documents).

Moreover, if sealed juvenile records truly prevent B.W. from filing a habeas corpus petition, petitioner has not explained why he is in a better position to proceed because, presumably, the records' sealed status does not change based on identity of litigant.[1]  As the magistrate judge determined in the findings and recommendations adopted by this court, "[w]hile petitioner's reasoning might support a ruling that this action, if initiated by B.W., be filed under seal, or that other measures be taken to protect the identity of B.W., it simply does not support a finding that B.W., who is no longer a minor, is unable to litigate this action due to inaccessibility, mental incompetence, or other disability."  (ECF 13 at 5.)  This reasoning does not represent a manifest error of law or fact.

  B. Mental Incompetence

    Petitioner contends that Federal Rule of Civil Procedure 17 supports the proposition that B.W. is barred from filing a habeas application because he is "legally incompetent" for the purpose of establishing "next friend" standing.  (ECF 22 at 15-16.)  Rule 17 states, in relevant part:

> (b) Capacity to Sue or Be Sued.  Capacity to sue or be sued is determined as follows:  (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . . .
>
> (c) Minor or Incompetent Person. . . . (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

FED. R. CIV. P. 17.  Petitioner argues that B.W. is incompetent because he lacks the capacity to litigate as a result of his sealed juvenile records.  (ECF 22 at 15-16.)  Petitioner cites no authority for the proposition that sealed juvenile records amount to mental incompetence for the purpose

---

[1] Petitioner has also made no showing that the records cannot be released.  *See*, *e.g.*, CAL. WELF. & INST. CODE § 827.

5

of establishing "next friend" standing.[2] Both *Whitmore*, by its plain language, and Rule 17 contemplate mental incompetence, not the sort of legal incompetence petitioner is alleging. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) (incompetence can be established by showing litigant "may be suffering from a condition that materially affects his ability to represent himself . . . to consult with his lawyer with a reasonable degree of rational understanding . . . or otherwise to understand the nature of the proceedings") (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam), and *Thomas v. Cunningham*, 313 F.2d 934, 938 (4th Cir.1963)); *see also Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1196 (9th Cir. 2001) ("The putative next friend must present 'meaningful evidence' that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision.") (citation omitted).

    C.    Other Disability

Petitioner points to no other disability that could satisfy the first prong of *Whitmore*.

IV.    CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The cases cited by petitioner do not support his argument. *Thomas v. Humfield*, 916 F.2d 1032 (5th Cir. 1990), discusses the procedure for determining whether an individual is mentally competent (i.e., psychiatric examination). *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986 (5th Cir. 1984) held that a district court had the discretion to determine the need for representation of an adjudicated incompetent who had allegedly been involuntarily committed to a mental hospital.